UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
JIMMY (AKA) JAMES McMILLAN,          :
                                     :
                Plaintiff,           :
                                     :
        -v-                          :    05 CIV. 8427 (DLC)
                                     :
NEW YORK CITY CAMPAIGN FINANCE BOARD, :
                                     :
                Defendant.           :
--------------------------------------- X    OPINION & ORDER
                                     :
JIMMY (AKA) JAMES McMILLAN,          :
                                     :
                Plaintiff,           :
                                     :    05 CIV. 8652 (DLC)
        -v-                          :
                                     :
NEW YORK CITY CAMPAIGN FINANCE BOARD, :
WNBC, NY-1 NEWS, NEW YORK CITY BOARD OF :
ELECTIONS,                           :
                                     :
                Defendants.          :
--------------------------------------- X
                                     :
JIMMY (AKA) JAMES McMILLAN,          :
                                     :
                Plaintiff,           :
                                     :
        -v-                          :    05 CIV. 8980 (DLC)
                                     :
THE LEAGUE OF WOMEN VOTERS, WABC 7, NEW :
YORK DAILY NEWS, NEW YORK NEWSDAY,   :
                                     :
                Defendants.          :
                                     :
---------------------------------------X

DENISE COTE, District Judge:

        Between September 26 and October 21, 2005, pro se plaintiff
James McMillan filed three actions arising out of his desire to
participate in televised debates as the candidate of the Rent Is
Too Damn High Party in the New York City mayoral race.  The
Honorable Kimba M. Wood, to whom these cases were originally
assigned, denied motions for a preliminary injunction requesting

an opportunity to participate in the debates held last Fall, and assigned these actions to Magistrate Judge Ronald L. Ellis for pretrial supervision and reports on any dispositive motions. On March 7, 2006, Judge Ellis recommended that the motions to dismiss filed in each of the actions be granted or that the actions otherwise be dismissed as moot. McMillan has filed objections to report ("Report") containing those recommendations. On April 13, 2006, <u>McMillan v. New York City Campaign Finance Board, et al.</u>, 05 Civ. 8652, was reassigned to this Court. On May 31, 2006, the other two actions were transferred. Both the Report and this Opinion address all three actions.

The Report recommends that the actions be dismissed because the general election for mayor was held on November 8, 2005, and the request to participate in the mayoral debate is therefore moot. In addition, the Report explains that McMillan has failed to state a claim for relief, or that the statutes on which he relies for his claims contain exceptions for broadcast coverage of such debates, or fail to provide a private right of action. As for any constitutional claims that may be contained in the complaints, which are brought against the New York City Campaign Finance Board, the New York City Board of Elections, television stations, newspapers, and the League of Women Voters, the Report notes <u>inter</u> <u>alia</u> that McMillan has not alleged that the private entities were operating under color of state law, while it is undisputed that the City entities were operating under regulations which courts have already determined are reasonable,

2

neutral, and serve an important regulatory purpose. Finally, the Report found that McMillan had failed to allege any facts from which a court could infer a violation of the Fourteenth Amendment.

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court shall make a <u>de novo</u> determination of the portions of the report to which petitioner objects. <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997). "A district court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (citation omitted). An objection which is "devoid of any reference to specific findings or recommendations" and is "unsupported by legal authority" does not preserve the claim. <u>Mario v. P & C Foods, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002).

In his objections, McMillan continues to claim that he should have been permitted to participate in the 2005 televised mayoral debates. In alleging discrimination, he points to a Finance Board requirement that candidates raise or spend money in order to participate in the debates. Having reviewed the Report and the objections, there is no reason to find that the Report erred in its conclusion that the complaints in the three actions should be dismissed.

## Conclusion

The motions to dismiss <u>McMillan v. New York City Campaign Finance Board</u>, 05 Civ. 8427, <u>McMillan v. New York City Campaign Finance Board, et al.</u>, 05 Civ. 8652, and <u>McMillan v. The League of Women Voters, et al.</u>, 05 Civ. 8980 are granted. The Clerk of Court shall close each case.

SO ORDERED:

Dated:     New York, New York
           June 1, 2006

                                    _Denise Cote_
                              DENISE COTE
                         United States District Judge